UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN D. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-00393-JPH-DML |
| | ) | |
| ARAMARK CORPORATION, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Screening the Complaint, Dismissing Insufficient Claims,
and Directing Further Proceedings**

Plaintiff John D. Smith is a prisoner currently incarcerated at Pendleton Correctional Facility ("PCF"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesl v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II. Plaintiff's Complaint

Mr. Smith brings this action under 42 U.S.C. § 1983. In his complaint, he names several defendants: (1) Aramark Corporation; (2) Brandon Miller, Food Service Director at PCF; (3) MaryAnne Wilkinson, Assistant Food Service Director at PCF; (4) Vonca Boulware, Assistant Food Service Director at PCF; (5) Todd Neal, an Aramark supervisor employed at PCF; (6) Tyleah Roberts, an Aramark supervisor employed at PCF; (7) Andria Mozal, an Aramark supervisor employed at PCF; (8) Dalton Albrecht, an Aramark supervisor employed at PCF; (9) Wade Kent, a safety/hazard officer at PCF; (10) Dushan Zatecky, Warden at PCF; and (11) Duane Alsip, Assistant Warden at PCF. Dkt. 2. He seeks injunctive relief and damages.

On December 3, 2018, while working in the kitchen at PCF during the morning breakfast shift, Mr. Smith was injured when a hot beverage container tipped over and spilled hot coffee onto his right leg. He sustained third degree burns and nerve damage to his right leg that required daily dressings, pain medication, and antibiotics.

Mr. Smith alleges that the lid latches and seals on the hot beverage containers had not worked properly for several years prior to this incident. Aramark staff and management at PCF, including Todd Neal, Andria Mozal, Tyleah Roberts, Brandon Miller, MaryAnne Wilkinson, Vonca Boulware, and Wade Kent, knew the hot beverage containers did not have functioning lid latches and seals and knew of the potential risks associated with non-functioning lid latches and seals from previous incidents.

Mr. Smith filed a grievance about this incident. He also sent a request for interview to defendant Wade Kent, a safety officer at PCF, asking for pictures of the hot beverage containers and informing him of the December 2018 incident. On January 10, 2019, another inmate at PCF suffered a burn on his foot after using the hot beverage containers.

On April 9, 2019, defendant Brandon Miller directed Mr. Smith to prepare 320 cups of coffee and transport them, without lids, to two segregated housing units. Mr. Smith alleges that Brandon Miller directed him to do so in retaliation for the complaints Mr. Smith filed related to the December 2018 incident.

In June 2019, defendant Tyleah Roberts was promoted to lead supervisor of the morning breakfast shift. The next day, she directed another inmate to demote Mr. Smith from his job as "lead cart" to a lesser job and reduce his pay. Mr. Smith alleges this was done to retaliate against him for naming her as a defendant in this lawsuit. When Mr. Smith filed an informal grievance about the demotion, defendant Tyleah Roberts allowed him to keep his job as "lead cart" and agreed to no longer retaliate against him.

On June 7, 2019, Mr. Smith again requested pictures of the hot beverage containers. A week later, defendant Brandon Miller directed two other inmates at PCF to put latches on the hot beverage containers. Defendant Brandon Miller then took pictures of the hot beverage containers and submitted them to an administrative assistant at PCF.

On July 31, 2019, defendant Dalton Albrecht falsely accused Mr. Smith of threatening staff and reported the alleged incident to Captain Jeremy Ruttan. In response, Captain Ruttan ordered that Mr. Smith be housed in the segregation unit pending the outcome of the disciplinary proceedings. During disciplinary proceedings, it was determined that Mr. Smith did not threaten

Dalton Albrecht. Mr. Smith alleges that Dalton Albrecht fabricated the alleged threat in retaliation for Mr. Smith filing complaints against Brandon Miller.

### III. Analysis

#### A. Conditions of Confinement

The constitutional provision implicated by Mr. Smith's claims related to the December 2018 incident with the hot beverage Container is the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives while in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). "According to the Supreme Court, . . . 'extreme deprivations are required to make out a conditions of confinement claim.'" *Giles v. Godinez*, 914 F.3d 1040, 1051 (7th Cir. 2019) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "Exposure to a significant risk of severe injury" can also violate the Eighth Amendment. *See Myers v. Ind. Dep't of Corr.*, 655 F. App'x 500, 504 (7th Cir. 2016).

Mr. Smith's Eighth Amendment conditions of confinement claims **shall proceed** against the following defendants in their individual capacities: Brandon Miller, Todd Neal, Andria Mozal, Tyleah Roberts, MaryAnne Wilkinson, Vonca Boulware, and Wade Kent.

Mr. Smith has also named Aramark Corporation as a defendant. "[T]he *Monell* theory of municipal liability applies in § 1983 claims brought against private companies that act under color of state law." *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 664 (7th Cir. 2016). To state such a claim, a plaintiff must allege that a policy, practice, or custom of Aramark caused a constitutional violation. *Id.* Mr. Smith has alleged that Aramark had a practice of refusing to fix or

4

replace the alleged unsafe hot beverage containers. Thus, his Eighth Amendment conditions of confinement claim **shall proceed** against Aramark.[1]

Mr. Smith's Eighth Amendment conditions of confinement claims against Warden Dushan Zatecky and Assistant Warden Duane Alsip, however, **are dismissed**. "Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018); *see also Estate of Miller by Chassie v. Marberry*, 847 F.3d 425, 428-29 (7th Cir. 2017) (recognizing that "inaction following receipt of a complaint about someone else's conduct is not a source of liability"). Here, Mr. Smith has alleged only that Warden Zatecky and Assistant Warden Alsip failed to act after reviewing the appeal of his grievance. He has not alleged that these officials were personally involved in refusing to replace the allegedly unsafe hot beverage containers or that either of these individuals retained operational responsibility for doing so. Consequently, at this point, Mr. Smith has failed to allege facts sufficient to state a claim against Warden Zatecky and Assistant Warden Alsip.

**B. Retaliation**

To state a First Amendment retaliation claim, Mr. Smith must allege that: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity; and (3) the protected activity he engaged in was at least a motivating factor for the retaliatory action. *Archer v. Chisholm*, 870 F.3d 603, 618 (7th Cir. 2017) (citing

---

[1] Mr. Smith seeks to sue each defendant in his or her individual and official capacities. However, "[o]fficial capacity suits, . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). "[A]n official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166. Thus, the official capacity claims **are dismissed**.

*Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009); *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Mr. Smith's First Amendment retaliation claims against Brandon Miller and Dalton Albrecht **shall proceed**.

His First Amendment retaliation claim against Tyleah Roberts, however, **is dismissed**. Mr. Smith alleges that Tyleah Roberts rescinded his demotion in response to the grievance Mr. Smith filed. Thus, Mr. Smith has not sufficiently alleged that he suffered a deprivation that is likely to deter First Amendment activity.

### IV. Issuance and Service of Process

The **clerk is directed**, pursuant to Federal Rule of Civil Procedure 4(c), to issue process to the following defendants: (1) Aramark Corporation; (2) Brandon Miller; (3) Todd Neal; (4) Andria Mozal; (5) Tyleah Roberts; (6) MaryAnne Wilkinson; (7) Vonca Boulware; (8) Wade Kent; and (9) Dalton Albrecht. Process shall consist of the complaint filed February 4, 2020, dkt. [2], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

### V. Conclusion

Mr. Smith's Eighth Amendment conditions of confinement claims **shall proceed** against Aramark Corporation, Brandon Miller, Todd Neal, Andria Mozal, Tyleah Roberts, MaryAnne Wilkinson, Vonca Boulware, and Wade Kent. His Eighth Amendment conditions of confinement claims against Warden Dushan Zatecky and Assistant Warden Duane Alsip **are dismissed**.

Mr. Smith's First Amendment retaliation claims against Brandon Miller and Dalton Albreckt **shall proceed**. His First Amendment retaliation claim against Tyleah Roberts **is dismissed**.

These are the viable claims identified by the Court. If Mr. Smith believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through April 20, 2020,** in which to identify those claims.

The **clerk is directed** to terminate Dushan Zatecky and Duane Alsip as defendants on the docket.

**SO ORDERED.**

Date: 3/23/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JOHN D. SMITH
974253
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

ARAMARK CORPORATION
1715 Andrew Ave.
LaPorte, IN 46350

BRANDON MILLER
Aramark Employee
Pendleton Correctional Facility
4490 W. Reformatory Road
Pendleton, IN 46064-9001

TODD NEAL
Aramark Employee
Pendleton Correctional Facility
4490 W. Reformatory Road
Pendleton, IN 46064-9001

ANDRIA MOZAL
Aramark Employee
Pendleton Correctional Facility
4490 W. Reformatory Road
Pendleton, IN 46064-9001

TYLEAH ROBERTS
Aramark Employee
Pendleton Correctional Facility
4490 W. Reformatory Road
Pendleton, IN 46064-9001

MARYANNE WILKINSON
Aramark Employee
Pendleton Correctional Facility
4490 W. Reformatory Road
Pendleton, IN 46064-9001

VONCA BOULWARE
Aramark Employee
Pendleton Correctional Facility
4490 W. Reformatory Road
Pendleton, IN 46064-9001

DALTON ALBRECHT
Aramark Employee
Pendleton Correctional Facility
4490 W. Reformatory Road
Pendleton, IN 46064-9001

Electronic Service to the following IDOC employee at Pendleton Correctional Facility:
 Wade Kent



Courtesy Copy to:
Christopher Cody
HUME SMITH GEDDES GREEN & SIMMONS LLP
54 Monument Circle, Fourth Floor
Indianapolis, IN 46204