UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN D. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-00393-JPH-DML |
| | ) | |
| ARAMARK CORPORATION, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Order Denying Motion to Appoint Counsel**

Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Thomas v. Wardell*, 951 F.3d 854, 859 (7th Cir. 2020); *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"Two questions guide [this] court's discretionary decision whether to recruit counsel: (1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Thomas*, 951 F.3d at 859 (*quoting Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)).

As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt v. Mote,* 503 F.3d 647, 653 (7th Cir. 2007); *see also Thomas v. Anderson*, 912

1

F.3d 971, 978 (7th Cir. 2019) (because neither of the plaintiff's requests for counsel showed that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion); *Romanelli v. Suliene*, 615 F.3d 847, 851–52 (7th Cir. 2010) (explaining that the denial of a motion to recruit counsel was justified by the district court's finding that the plaintiff had not tried to obtain counsel). Here, the plaintiff has provided evidence that he has contacted several different law firms, legal organizations, and attorneys in an attempt to obtain private counsel. His efforts have proved unsuccessful. The plaintiff should continue to recruit counsel on his own.

To decide the second question, the Court considers "'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Olson*, 750 F.3d at 712 (quoting *Pruitt,* 503 F.3d at 655); *Thomas*, 951 F.3d at 861 (district court is "required to weigh the difficulty of [plaintiff's] claims against his competency to litigate those claims"). These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. The Seventh Circuit has specifically declined to find a presumptive right to counsel in some categories of cases. *McCaa v Hamilton*, 893 F.3d 1027, 1037 (7th Cir. 2018) (Hamilton, J., concurring); *Walker*, 900 F.3d at 939.

It is the Court's determination that, at this stage of the litigation, the plaintiff is competent to litigate this action on his own. He states that he has limited access to the law library due to restrictions put in place in light of the COVID-19 pandemic, has a lack of legal expertise, and believes he is likely to succeed on the merits of his claims. These are the same challenges facing nearly all prisoners proceeding pro se. As the Seventh Circuit has recognized, "imprisonment only exacerbates the already substantial difficulties that all pro se litigants face. But Congress hasn't

provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases." *Olson*, 750 F.3d at 712. Given the massive amount of pro se prisoner litigation, it is simply impossible to recruit pro bono counsel for each of these cases.

Additionally, the plaintiff's filings in this action reflect that he can read and write, graduated from high school and attended some college courses, and has prepared his own documents for filing in this case. He has presented no evidence or arguments that he has physical or mental disabilities that make it difficult for him to litigate this action on his own. Although he states he has poor eyesight, dkt. 54 at 2-3, he states this prevents him from reading for long periods of time, not that it prevents him from reading at all. Should the plaintiff's poor eyesight make it difficult for him to comply with deadlines, he may seek extensions of time.

Finally, the Court finds that the issues in this litigation are not complex, contrary to the plaintiff's assertion. Although there are several defendants, the plaintiff asserts that his conditions of confinement are unconstitutional, and two defendants retaliated against him. *See* dkt. 8 at 4-6. Such claims are largely fact-based and thus well within the plaintiff's knowledge.

For the foregoing reasons, the plaintiff's second motion to appoint counsel, dkt. [54], is **denied**.

**SO ORDERED.**

Date: 1/19/2021

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JOHN D. SMITH
974253
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Christopher Douglas Cody
HUME SMITH GEDDES GREEN & SIMMONS
ccody@humesmith.com

Brandon Alan Skates
INDIANA ATTORNEY GENERAL
brandon.skates@atg.in.gov

Samantha May Sumcad
INDIANA ATTORNEY GENERAL
samantha.sumcad@atg.in.gov